## NEWPORT COUNTY.

### Peter Robinson *vs.* Samuel C. Bailey.

A person who receives the proceeds of a defective sale of his property, with knowledge of the defects, is estopped from denying the purchaser's title. He cannot at the same time repudiate the sale and enjoy the benefit of it.

An agent in charge of real estate with power to collect rents, keep the premises in repair, pay taxes and apply the surplus to the reduction of a mortgage on the estate, procured an assignment of the mortgage to himself, and after obtaining possession of the premises as mortgagee by a writ of ejectment against the tenant, sold and conveyed the same, depositing the sum of $500 to the credit of his principal in a savings bank as the surplus of the proceeds of sale over and above the amount due on the mortgage. Subsequently, the principal, on returning to this State from which he had been absent for many years, drew the deposit from the bank, knowing that the same had been placed to his credit by the agent as such surplus.

*Held*, that the principal was estopped from denying the purchaser's title to the real estate.

Bill in Equity to avoid conveyances of realty. Heard on pleadings and proofs.

*May* 8, 1896. Stiness, J. The purpose of this bill is to set aside certain deeds and mortgages upon real estate in Newport, which the complainant claimed to own, and which had been sold by his agent without legal title and without authority. It appears that Peter Robinson, in 1858, being about to go to California, left the estate in charge of George A. Hammett and gave him a power of attorney to collect rents, to keep the premises in repair, to pay taxes, and to apply the surplus to the reduction of mortgages outstanding upon the estate. Robinson returned to Newport in 1878, when he found that Hammett had secured the assignment of the mortgages to himself, and also the possession of the property as mortgagee by a writ of ejectment against the tenant, and that he had made conveyances of the property by which Samuel C. Bailey claimed to be the owner, and under which he was in possession of the premises. It also appeared that in 1870, more than three years after Hammett's conveyances, he had deposited the sum of $500 to the

credit of Peter Robinson in a savings bank in Newport, and that Hammett died before Robinson's return. There had been no foreclosure of the mortgages under the powers of sale, but Hammett seems to have supposed, notwithstanding his fiduciary relation to Robinson, that his suit in ejectment operated as a possession by "process of law," under Rev. Stat. cap. 149, § 4, and that the time for redemption had passed.

The answer to this bill, filed in 1885, set up the allegation that said sum was deposited as the surplus of the proceeds of the sale over the amount due to Hammett on the mortgages, and that said Robinson received the same well knowing that it was such balance of the purchase price received by said Hammett when he sold the estate. It is admitted by Robinson that he received this deposit, but, although this defence was relied on as an estoppel, he does not say in his testimony whether he knew or did not know whether it was the proceeds of a sale or of the accumulated rents. Robinson has died, but it is argued by his representative that we should infer from his conduct in demanding possession of the property, in claiming to be the owner and in bringing suit, that he understood it to be simply the product of rents to which he was entitled. This would undoubtedly be a proper inference were it not for the fact that the respondent produces a witness to whom Robinson applied to identify him at the bank in order that he might draw the deposit, who testifies that Robinson stated to him at that time that "Mr. Hammett had sold his place and deposited the balance of money over what was due Mr. Hammett in bank there and the bank refused to pay it to him, and he wanted me to go there to identify him, and explain to the bank the nature of the transaction." In view of this testimony, which stands uncontradicted, the case falls within that class of cases of which *Brewer* v. *Nash*, 16 R. I. 458, and 17 R. I. 793, is an example. A person who receives the proceeds of a defective sale of his property, with knowledge of the defects, is estopped from denying the purchaser's title. He cannot at the same time repudiate the sale and enjoy the benefit of it. This fact is decisive of the case, and the bill must be dismissed.

*Benjamin M. Bosworth, Patrick J. Galvin & Joseph H. Munroe,* for complainant.

*William P. Sheffield & William P. Sheffield, Jun.,* for respondent.